ORAN C. BAKER V. ALBERT PORTER ET AL.

No. A-7781. Decided March 25, 1960.
(333 S.W. 2d Series 594)

*Ben Hagman,* of Weatherford, for relator.

*Burton S. Burke, Sr.,* of Granberry, for respondents.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

By this proceeding the Relator, Baker, seeks by mandamus to compel Respondent Albert Porter, Chairman of the Hood

County Democratic Executive Committee, and other members of that Committee, to place his name on the ballot for the Democratic Primary to be held on May 7, 1960, as a candidate for Sheriff, Tax Assessor and Tax Collector of Hood County.

1 The application for writ of mandamus was presented to this court on March 21, 1960. Since the date on which the ballot must be presented to the printer was fast approaching, we heard arguments from both parties on the afternoon of March 23. The request of the Relator to have his name placed upon the ballot did not comply with Article 13.12 of the Election Code, in that it failed to disclose the county of the Relator's residence. However, since the hearing, the loyalty oath of the Relator prepared in accordance with Article 6.02 of the Election Code has been filed with this court, stating that the Relator resides in Hood County. While that information should properly have been in the request, still, since the loyalty oath and the request were filed on the same date, we think the two should be considered together, and that the omission to state the county of his residence in his request was supplied by the statements thereof in the loyalty oath.

2 There was a sharply disputed issue of fact as to whether or not the Relator resided in Hood County. The Respondents, by a divided vote, resolved that issue against the Relator. Were there an issue of fact in this court, the mandamus would not issue. But that is not the question presented here. What we are called upon to determine is the legal question of whether or not the Democratic Executive Committee was clothed with the power to raise and determine an issue of fact by contradicting the allegations contained in the Relator's application and then deciding the issue so raised. While there is no showing in this record that the Respondents did not act in good faith, we think it would be an unwise public policy to permit Executive Committees of political parties to raise and determine such a disputed issue of fact. That issue should be judicially determined. Ferris v. Carlson, 158 Texas 546, 314 S.W. 2d 577.

Writ of mandamus will issue as prayed for.

Motion for rehearing will not be entertained.

Opinion delivered March 25, 1960.