**V. L. (Bo) RAMSEY, Relator,**

**v.**

**Fred MARLOWE et al., Respondents.**

**No. 71.**

Court of Civil Appeals of Texas.

Tyler.

March 5, 1964.

J. E. Jackson and E. C. Winfrey, Carthage, for relator.

No counsel for respondents.

MOORE, Justice.

By this original mandamus proceeding relator, V. L. (Bo) Ramsey, seeks to compel the respondents, Fred Marlowe, Chairman of the Panola County Democratic Executive Committee, and other members of that committee, to certify his name to the County Clerk of Panola County, Texas, to be placed on the ballot as a candidate for State Representative in the Democratic primary to be held on May 2, 1964. Relator's permission to file the application was granted by this court. The application for writ of mandamus avers that before the first Monday in February, 1964, relator, V. L. (Bo) Ramsey, filed with the Democratic Executive Committee of Panola County, Texas, his application to be a candidate for the office of State Representative for the district composed of Panola and Rusk Counties in accordance with the requirements of Art. 13.12 of the Texas Election Code, V.A.T.S., duly paying said committee his filing fee as required by Art. 13.07a of the Election Code in the amount required by law showing in every respect that he was duly qualified to have his name placed upon the primary election ballot of the Democratic party for said election.

Relator asserts that respondent, Fred Marlowe, subsequent to the first Monday in February, 1964, and after the final announcing date for office, informed relator that the Democratic Executive Committee had held a meeting and had determined by a majority vote of the members present at such meeting that the name of relator, V. L. (Bo) Ramsey, would not be certified to the Coun-

ty Clerk to be placed upon the election ballot. Relator further states that he has examined the list of the candidates which the committee filed with the County Clerk and his name does not appear on such list. He alleges that subsequent to the meeting held by the committee, he requested respondent, Fred Marlowe, to certify him and to include his name on such list or upon a supplemental list, but respondent, Fred Marlowe, has refused to do so. Relator further states that he has requested respondent, Fred Marlowe, to call a meeting of the Democratic Executive Committee of Panola County, Texas, for the purpose of reconsidering the matter of placing his name on the list of the candidates to be filed with the County Clerk as required by Art. 13.12, but such request was denied.

Relator states in his application that he has been duly certified as a candidate for such office by the Democratic Executive Committee of Rusk County, the other county in the district. He alleges in his sworn application that he is qualified in every respect to hold such office under the requirements of the Constitution and Statutes of this state in that he has been a resident of the State of Texas for more than two years next preceding the election and a resident of the county for more than one year next preceding his election, if elected, and that he is more than twenty-one years of age.

This cause was set for hearing before this court on February 28, 1964, after due notice to the respondents. No appearance or answer was filed in behalf of any of the respondents. The application on its face, together with the evidence presented in connection therewith, is deemed to be sufficient to demonstrate that the relator is in all respects eligible to have his name certified to the County Clerk by the committee so that his name may be placed upon the ballot.

Although the record is before us without a reply or any evidence as to the reasons why the committee refused to certify relator's name, we gather from the application and relator's argument that it was

probably due to the fact that the committee felt that he had not met the residential requirement of being a resident of the district for a period of one year prior to his election, if elected, in accordance with Art. 3, Sec. 7, of the Constitution of the State of Texas, Vernon's Ann.St. If this be true, it becomes apparent that the Democratic Executive Committee took it upon themselves to resolve the fact issue of residence as required by the Constitution.

In a similar situation, where the County Executive Committee had refused to certify the name of a candidate for the office of sheriff because his application failed to show the county of his residence, but his loyalty oath filed in connection therewith did show the county of residence, the Supreme Court in Baker v. Porter, 160 Tex. 488, 333 S.W.2d 594, in granting a writ of mandamus had this to say:

"Were there an issue of fact in this court, the mandamus would not issue. But that is not the question presented here. What we are called upon to determine is the legal question of whether or not the Democratic Executive Committee was clothed with the power to raise and determine an issue of fact by contradicting the allegations contained in the relator's application and then deciding the issue so raised. While there is no showing in this record that the respondents did not act in good faith, we think it would be an unwise public policy to permit Executive Committees of political parties to raise and determine such a disputed issue of fact. That issue should be judicially determined. Ferris v. Carlson, [158] Tex. [546], 314 S.W.2d 577."

In view of respondents' failure to answer herein, we believe the rule announced in the foregoing case to be especially applicable to the facts before us in this case.

Having concluded that the Executive Committee has no authority to contradict the allegation in relator's application then

pending before them, and then determine the issue raised, we do not reach the question of whether or not only the Legislature has authority to determine the qualification of its members.

Subject to relator tendering the proper filing fee, the writ of mandamus will issue, directing and commanding the respondents to submit the name of V. L. (Bo) Ramsey as a candidate for the office of State Representative upon the list of candidates certified to the County Clerk of Panola County, Texas, within three (3) days after the first Monday in March, 1964, and that his name be placed upon the ballot as a candidate for such office.