**Jim CANADY, Relator,**

v.

**DEMOCRATIC EXECUTIVE COMMITTEE OF TRAVIS COUNTY et al., Respondents.**

**No. A–10080.**

Supreme Court of Texas.

July 29, 1964.

Q. C. Taylor, Dan Moody, Jr., Trueman O'Quinn, L. Hamilton Lowe, Austin, for relator.

John S. Wade, Harold L. Coit, Austin, for intervenor, Jim C. Canady.

Arthur Mitchell, Sam Houston Clinton, Austin, for respondents.

CULVER, Justice.

On January 31, 1964, respondent, Lacy, applied to the County Executive Committee for a place on the Democratic Primary Ballot as a candidate for Justice of the Peace Precinct No. 3, Place 1. In his application he stated: "My legal residence is 4006 Northhills Drive (Austin) in Travis County." This application was acknowledged, as being executed for the purposes therein expressed, before a notary public of Travis County. The dead line for filing this application was not later than the 3rd day of February, 1964.

Upon an inspection of the official records of the Commissioners Court of Travis County, the Committee ascertained that the premises at 4006 Northhills Drive lie without the limits of Justice of the Peace Precinct No. 3 and in fact are situated approximately a mile and a half west of the nearest boundary of that precinct as fixed by the Commissioners Court on August 10, 1953, and as so fixed have remained up to the present time. Accordingly, the Executive Committee in regular session denied Mr. Lacy's application on the ground that he had not resided within Justice Precinct No. 3 for six months prior to the time of the Primary Election.

Thereafter on Mr. Lacy's petition to the Court of Civil Appeals for the Third Supreme Judicial District he was granted by that court a writ of mandamus directing the County Executive Committee to place his name on the official Primary ballot as a candidate for the nomination.

The Executive Committee then petitioned this court for writ of mandamus to com-

mand the Court of Civil Appeals to set aside its order directing the Committee to place Mr. Lacy's name on the ballot. We do not here consider that petition nor determine the matter of our jurisdiction to entertain the same, but while the motion for leave to file that petition for mandamus was pending, Jim Canady, a candidate for the nomination to that same office, filed his petition for mandamus as relator and as an intervenor in this proceeding, seeking to have this Court direct the Committee not to place the name of Curtis Lacy on the official ballot for the Democratic Primary Election to be held on May 2, 1964, for the aforesaid office. We here consider only Mr. Canady's petition.

■ Article 6.05a of the Texas Election Code, V.A.T.S. provides that the ballots shall be prepared for the various precincts in the county with respect to the precinct offices to be voted upon by the electorate so that no voter shall receive a ballot listing the candidates for any precinct office for whom he is not entitled to vote. The election officers for each precinct shall be furnished official ballots listing the precinct offices and the candidates which are to be voted on by the voters in the particular election precinct. Therefore, the Committee and its members must ascertain and determine the area comprising each justice precinct in order to prepare the ballots properly for voting throughout the county. Likewise the candidate for a precinct office in his application for a place on the ballot should set forth the essential facts showing his eligibility to hold the office sought. State of Texas ex rel. Edwards v. Reyna, 160 Tex. 404, 333 S.W. 2d 832.

Article 1.05 of the Texas Election Code as amended in 1963 prescribes the rules of eligibility for candidates as applicable here as follows: No person shall be eligible to be a candidate for any public office in this State unless he is a citizen of the United States and shall have resided for six months next preceding such election in

the district, county, precinct, municipality or other political subdivision for which the office is to be filled. The article further provides that no ineligible candidate shall ever have his name placed upon the ballot at any primary, general or special election. Purcell v. Lindsey, 158 Tex. 541, 314 S.W.2d 283.

Mr. Lacy's position, as stated in his affidavit dated the 19th day of March, 1964, and filed with the Clerk of this Court reads in part as follows:

"* * * I compose and make this affidavit concerning facts bearing on, and in support of, my contention in such proceeding that I have since the year 1958, intended that the address of 1302 West St. Johns, Austin, Travis County, Texas, be my homestead, and permanent domicile. I moved temporarily from that address in the month of August, 1963, to 4006 Northhills Drive and remained there until the 17th day of March, 1964, which (sic) I then returned to my permanent address and homestead. I have designated as my homestead the address at 1302 West St. Johns, Austin, Travis County, Texas, with the Tax Assessor and Collector's office, Travis County, Texas, since 1958, up to and including the years 1963 and 1964. I have throughout this time intended that 1302 West St. Johns, Austin, Travis County, Texas, be my domicile and permanent residence."

Mr. Lacy contends that the Committee was in error in refusing him a place on the ballot for the reason that the determination of where he was domiciled, resided, and had his legal residence, was a complicated question of mixed law and fact, which the Committee had no power to determine.

■ Admittedly the Executive Committee is not clothed with the power or authority to determine a disputed question of fact. We so held in Baker v. Porter,

**324**

160 Tex. 488, 333 S.W.2d 594. In that case the candidate in his application stated that he resided in Hood County. It appeared to be debatable as to whether that statement was correct and at a meeting of the Executive Committee the question was resolved adversely to the candidate. We held that the Committee had no power to determine this issue of fact by contradicting the allegations in the application and then deciding the question of fact so raised.

■ In the case here the Committee did not attempt to determine any fact question but accepted Mr. Lacy's statement as to his place of residence on its face value. Actually what Mr. Lacy is saying here is that his solemnly acknowledged statement given to the Committee for the purpose of placing his name on the ballot as a candidate was false. He was not misled in any way in making that statement. If it was false Mr. Lacy must have known so at the time. The Committee is not authorized to question this statement of fact nor will Mr. Lacy be allowed to do so after the deadline has been passed and the machinery for preparation of the ballots has been set in motion.

In State of Texas ex rel. Edwards v. Reyna, supra, we recognized that the authorities apply a rather strict rule of construction in dealing with our election laws. For instance in McWaters v. Tucker, Tex. Civ.App., 249 S.W.2d 80 (1952 no writ history), it was held that where the candidate failed to execute an acknowledgment to his application before the deadline for filing same it was not permissible for him to do so thereafter and the Committee properly refused him a place upon the ballot.

Clearly, therefore, respondent, Lacy, is ineligible for a place on the ballot and the duty of the County Executive Committee is equally clear to deny him that privilege. Writ of mandamus is accordingly granted directing the County Democratic Executive Committee to refrain from placing his name on the official ballot as a candidate for Justice of the Peace Precinct No. 3, Place 1, of Travis County in the General Primary Election to be held by the Democratic Party on May 2, 1964. It is so ordered.[1]

1. By reason of time limitations an order to this effect was handed down on the 2nd day of April, 1964, with the notation that the opinion would follow.