Dudley PARKER, Relator,

v.

J. Burns BROWN et al., Respondents.

No. 389.

Court of Civil Appeals of Texas.

Tyler.

March 11, 1968.

Tyner & Bain, J. W. Tyner, Tyler, for relator.

Boulter, Fowler & Tunnell, Joe Tunnell, Tyler, for respondents.

PER CURIAM.

This is an original mandamus proceeding by which relator, Dudley Parker, seeks to compel the respondents, J. Burns Brown, Chairman of the Smith County Democratic Executive Committee, and the remaining members of the Committee, to certify his name to the County Clerk of Smith County, Texas, as a candidate for County Commissioner, Precinct No. 3, of said county in the democratic primary to be held on May 4, 1968. In his petition, relator avers that on the 5th day of January, 1968, he filed his application with J. Burns Brown, Chairman of the Democratic Executive Committee, seeking to have his name placed upon the ballot as a candidate for said office in ac-

cordance with the provisions of Article 13.12 of the Texas Election Code, V.A.T.S. and duly paid his filing fee as required by Article 13.07a of said Code.

He further alleged that on February 15, 1968, he received a letter from the Chairman of the Executive Committee, notifying him that the Committee had determined that he was "ineligible as a candidate due to residential requirements" and that his name would not be placed on the ballot. In his sworn petition, he further alleges that he is and has been a resident of Precinct 3, Smith County, Texas, for more than six (6) months prior to the date for the primary election on May 4, 1968, and for more than six (6) months prior to the last day for the filing of an application to have his name placed on the ballot, which was February 5, 1968.

Respondents do not deny that relator filed his application in accordance with the provisions of the Election Code and that the same was duly received by the Committee in due time. Respondents allege, however, that when the relator's application was presented to the Executive Committee, one of the members of the Committee raised a question as to relator's eligibility under the six-month residential requirement as set forth in Article 1.05 of the Texas Election Code. Thereupon, Chairman Brown and another member of the Committee, Earl White, called upon the relator for the purpose of questioning him with reference to the length of time he had resided in Precinct 3. According to the affidavits of Brown and White, relator stated to them that he had "moved" to Precinct 3 on December 7, 1967. Based upon this information, the Committee determined that relator was ineligible as a candidate "due to residential requirements."

Relator's application for permission to file a petition for writ of mandamus was granted by this court and thereafter arguments were heard.

Relator contends that since it is undisputed that his application was in due form and in compliance with the Election Code, the Executive Committee should be required to certify his name as a candidate. He takes the position that the Committee exceeded its authority in raising an issue of fact with respect to the length of his residency and then to summarily determine the issue.

Article 13.12, supra, provides that any person desiring to have his name placed upon the official ballot for a general primary election must make application to the Committee in writing, indicating the office for which nomination is sought, and whether for a full term or for an unexpired term. The application must also state the occupation, county of residence, age and post office address of the applicant, and must be signed and duly acknowledged by him. The Election Code does not require any statement with reference to the length of his residency in the precinct.

It is without dispute that relator's application complied with the Election Code in every respect.

■ The sworn pleading, together with the attached affidavits, raises an issue of fact upon the question of relator's eligibility under the provisions of Article 1.05, supra. If this was the only issue presented, mandamus would be denied because we have no authority to issue a writ of mandamus where an issue of fact exists. But this is not the question presented here. What we are called upon to determine is the legal question of whether or not the Democratic Executive Committee was clothed with the power to go behind relator's application and raise the issue of eligibility and then to determine such issue.

■ Similar cases involving the question of whether the Executive Committee may contradict statements of fact set forth in the application have heretofore been before the appellate courts of this state.

In each instance, the courts have held that the Executive Committee has no authority to raise and determine an issue of fact by contradicting the allegations of the application and then deciding the issue so raised. Baker v. Porter, 160 Tex. 488, 333 S.W.2d 594; Ferris v. Carlson, 158 Tex. 546, 314 S.W.2d 577.

In Baker v. Porter, supra, the Supreme Court said:

"* * * While there is no showing in this record that the respondents did not act in good faith, we think it would be an unwise public policy to permit Executive Committees of political parties to raise and determine such a disputed issue of fact. That issue should be judicially determined. * * *"

■ It is clear from the record before us that the Executive Committee attempted to go beyond the application and determine relator's eligibility, and in so doing raised and determined the fact question of residency. The question of residence or domicile is usually a rather complicated question, involving a mixed question of law and fact, which we think the Committee has not the power to determine.

■■ In Mills v. Bartlett et al., Tex., 377 S.W.2d 636, the Supreme Court of this state said:

"The term 'residence' is an elastic one and is extremely difficult to define. The meaning that must be given to it depends upon the circumstances surrounding the person involved and largely depends upon the present intention of the individual. Volition, intention and action are all elements to be considered in determining where a person resides and such elements are equally pertinent in denoting the permanent residence or domicile. Owens v. Stovall, Tex.Civ.App., 64 S.W.2d 360, writ refused; Prince v. Inman, Tex.Civ. App., 280 S.W.2d 779, no writ history; In re Garneau, 7 Cir., 127 F. 677, 679."

In applying the foregoing rules of law to the particular facts before us, it appears to us that it would be an unwise public policy to permit the Executive Committee to go beyond and outside the application, as prescribed by law, and raise and determine some issues of fact foreign to the application. Ramsey v. Marlowe (Tex.Civ. App.), 376 S.W.2d 438.

■ It occurs to us that the question of whether or not relator had resided in the precinct for a sufficient length of time to establish his eligibility is a fact question which would be judicially determined in accordance with the provisions of Article 1.07, Texas Election Code, V.A.T.S., as amended.

Subject to relator tendering the proper filing fee, the writ of mandamus will issue directing the respondents to submit the name of Dudley Parker as a candidate for the office of Commissioner, Precinct 3, upon the list of candidates to be certified to the County Clerk of Smith County, Texas, unless in the meantime, it should be judicially determined that relator is ineligible to be a candidate for such office.

On account of the emergency due to the near approach of the time for printing the ballots for the May primaries, the parties will not be permitted to file a motion for rehearing.