Arcenio GARCIA, Relator,

v.

George CARPENTER, Sr., et al.,
Respondents.

No. B–5156.

Supreme Court of Texas.

April 9, 1975.

Gabriel Gutierrez, Jr., Austin, for relator.

Harvey L. Hardy, San Antonio, for respondents.

## MANDAMUS PROCEEDING

SAM D. JOHNSON, Justice.

This is an original mandamus proceeding by the relator Arcenio Garcia against the Mayor and City Councilmen for the City of Cotulla, La Salle County, Texas. By this action the relator sought to compel respondents to place and print his name on the official ballot as a candidate for the office of mayor of the City of Cotulla.

The absentee balloting for the primary election for such office was to begin almost immediately, on March 17, 1975, and the election itself was set to be held on April 5, 1975. The application was presented on March 12, 1975. This court heard oral arguments from the parties on the following day and promptly thereafter, on March 13, 1975, announced its judgment from the bench with no motion for rehearing being entertained. Based upon representations of immediate compliance with the court's judgment by the respondents, issuance of the writ of mandamus was withheld. The court's judgment ordering respondents to place relator's name on the ballot was predicated on the following.

The respondents are empowered to conduct the city election by virtue of Articles 977 through 992, Vernon's Texas Revised Civil Statutes Annotated, and Article 4.06 of the Texas Election Code, V.A.T.S. On March 4, 1975 the relator made timely sworn application to the Mayor and City Council to have his name placed on the ballot for the position he sought. The application, accompanied by a loyalty oath,

recited, ". . . I hereby certify that I am qualified to make this application and that I am legally qualified to hold such an office if elected. Also that I am above the age of 21, and a qualified elector, and have resided 12 months next preceeding the Election within the City limits of Cotulla, Texas." The sufficiency of the application is not questioned and, from what is therein recited, it appears that the relator was duly qualified to have his name placed upon the ballot for the upcoming election.

Thereafter, however, on March 6, 1975 an emergency meeting of the City Council was held and the determination was made that the relator Arcenio Garcia was ineligible to run for the position of mayor. This determination was based on the fact that the relator did not, in the opinion of the Mayor and City Council, meet the one-year residence requirement applicable to candidates for the office of mayor. In its order the Mayor and City Council recited that relator Arcenio Garcia had testified in a case in the district court that he had not completely moved into the city limits until after April 5, 1974, a fact which would show he had not met the one-year residence requirement. It was by virtue of this information and recital that the Mayor and City Council made the unanimous determination that the relator was ineligible to run for the office of mayor.

There is little clarity concerning the district court case in which the testimony of the relator was alleged to have been given. From the response of counsel for the respondents and the relator, however, at least one salient fact about such case appears to be undisputed: no judicial determination was made in such action which related specifically to the residence of this relator.

■ There is authority for the proposition that the disqualification of a candidate may be shown by public records. McClelland v. Sharp, 430 S.W.2d 518 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ). In that case the "uncontroverted admitted facts" consisted of public records

indicating the relator's disqualification by reason of his residence in a different precinct from that in which he sought election. The "records" consisted of the relator's voter's registration, the relator's record of successive votes and the relator's candidacy for political office—all in the different precinct. There are, of course, no such similar "records" before the court in the instant case.

In Ferris v. Carlson, 158 Tex. 546, 314 S.W.2d 577 (1958), this court had before it a case in which the relator was attempting by mandamus to have his name placed upon the ballot at a forthcoming election. The question was whether the relator met the constitutional requirement that he must have been a practicing lawyer for a period of four years preceding his election. One of the undenied recitals was "a statement in a recent lawsuit" that his occupation was the investment brokerage business, a fact which—if true—would be inconsistent with the requirement that he be a practicing lawyer. This court clearly stated that election officials might look to other records or recitals which were conclusive in nature, but accorded no effect to the testimony described.

■ Election officials, charged with the duty of certifying names to properly appear on the ballot, have no authority to inquire into facts dehors the record. Weatherly v. Fulgham, 153 Tex. 481, 271 S.W.2d 938 (1954). As the rule established in *Weatherly* is applied to the instant case, election officials have no authority to attach credence to asserted facts which are not conclusively established by public documents or recitations. While no attempt is made to enumerate the public documents or recitals which may comprise the record, it is clear that reliance may not be properly placed on the asserted testimony here. Absent other records clearly establishing relator's nonresidence, the respondents had no power to go behind the recitals in relator's sworn application and make determinations contrary thereto. Baker v. Porter, 160 Tex. 488, 333 S.W.2d 594 (1960).