John F. RYAN, Relator,

v.

Jose M. AZIOS, Respondent.

No. 15615.

Court of Civil Appeals of Texas, San Antonio.

March 19, 1976.

John F. Ryan, Julio A. Garcia, Laredo, for appellant.

Roger Rocha, Laredo, for appellee.

## ON REHEARING

CADENA, Justice.

In this original proceeding relator, John F. Ryan, seeks a writ of mandamus compelling respondent, Jose M. Azios, Democratic County Chairman of Webb County, to place relator's name on the ballot as a candidate for the nomination of the Democratic Party for the office of County Attorney of Webb County in the primary election to be held on May 1, 1976. Leave to file the petition for mandamus was granted on March 12, 1976, and the petition was set for submission and oral argument before this Court on March 17, 1976.

On March 17, 1976, this Court granted the petition for writ of mandamus and ordered respondent to place relator's name on the ballot. The opinion of this Court stating the reasons for granting relator such relief clearly shows that the action was based on the finding that relator's sworn request that his name be placed on the ballot specifically declared that relator had lived in the State of Texas for 7 years and in Webb County for "2 years." We concluded that under the holding of our Supreme Court in *Baker v. Porter*, 160 Tex. 488, 333 S.W.2d 594 (1960), a contention by respondent that relator had not resided in Webb County for at least 6 months, as required by Article 1.05, Tex.Election Code Ann., merely created an issue of fact which could be resolved only by a court, and that respondent had no authority to raise and determine such disputed issue.

Relator is a licensed attorney and represented himself in this proceeding, orally arguing his case before this Court. During his oral argument, relator was asked if his request that his name be placed on the ballot did not contain a sworn statement by him that he had resided in Webb County for 2 years. He answered that it did. Subsequently, in the course of his oral presentation, he stated that he had resided in Webb County for more than 6 months. At this

point he was asked from the bench if, in fact, his request for a place on the ballot did not state that he had resided in Webb County for 2 years. He said this was correct.

Attached to the petition for mandamus was a mechanical reproduction of relator's request that his name be placed on the ballot. The reproduction is of poor quality, but our examination of the instrument led us to conclude that it contained the statement that relator had resided in the county for 2 years.

On March 18, 1976, the day after we granted the petition for mandamus, we learned that, in fact, in his request to be placed on the ballot, relator had included the sworn statement that he had resided in Webb County for 2 months, rather than 2 years. On our own motion, we reopened the case and notified relator to appear before us today, March 19, 1976, to show cause why our original judgment should not be set aside.

The printed form for a request to be placed on the ballot reads, in part, as follows: "Length of residence in 1. state ___ years 2. county ___ years or months." In the first blank relator had inserted, with pen and ink, the numeral "7." In the second blank, concerning length of residence in the county, relator had placed, with pen and ink, the numeral "2." He had then, again with pen and ink, drawn a line through the words "years or," so that, in fact, his request to be placed on the ballot contained his sworn statement to the effect that he had lived in the county 2 months, rather than 2 years. The deletion of the words "years or" was not apparent on the face of the copy which relator filed with this Court.

There can be no doubt that during the course of oral argument relator was made clearly aware of the fact that this Court was proceeding on the assumption that his request contained a sworn statement to the effect that he had resided in the county for 2 years. There can be no doubt that relator, an officer of this Court, did not merely stand silent without making an effort to inform us that our impression was not correct, but affirmatively made statements to us assuring that the facts were as we believed them to be. Stated simply, relator, an attorney, made false statements to this Court.

■ The true facts of the case are that relator's sworn request to be placed on the ballot contained a sworn statement showing that he had not been a resident of Webb County for 6 months, as required by Article 1.05 of the Election Code. Therefore, under the undisputed evidence which was before the respondent, and which is now before us, relator was not qualified to be on the ballot; respondent was not required to resolve any disputed issue of fact; and respondent had no choice but to reject the request, assuming that Article 1.05 applies to a candidate for the office of county attorney. The decision of the Supreme Court in *Baker v. Porter, supra,* does not support the issuance of the writ of mandamus.

■ Relator contends that the requirements concerning residence which are embodied in Article 1.05 do not apply to a candidate for the office of county attorney. Subdivision 1 of that statute provides that no person shall be eligible to be a candidate for any elected county office unless he will have resided in this State for a period of 12 months, and for six months in the county, next preceding the date of the election. Subdivision 2 makes this requirement inapplicable to any office for which the Constitution or laws of the United States or of Texas prescribe the exclusive qualifications for the office or prescribe qualifications in conflict with those embodied in Subdivision 1.

The office of county attorney is a constitutional office. Tex.Const.Ann., Article 5, Sec. 21. However, there is no constitutional provision establishing residence requirements for the office.

Relator urges that the residence requirements contained in Article 1.05 are not applicable to candidates for the office of county attorney because they are in conflict with the residence requirements established by Article 332, Tex.Rev.Civ.Stat.Ann., which provides:

No person who is not a duly licensed attorney at law shall be eligible to the office of district or county attorney. District and county attorneys shall reside in the district and county, respectively, for which they are elected; and they shall, as soon as practicable after their election and qualification notify the Attorney General and the Comptroller of their postoffice address.

 Article 332 imposes only one requirement concerning "eligibility" for the office of county attorney. That sole eligibility requirement is that he be a duly licensed attorney. The residency requirement in the statute does not concern the question of prior qualifications. It refers to what district and county attorneys, as distinguished from candidates for such offices, must do after they have been elected. It simply requires that district and county attorneys, during their terms of office, maintain their residences in the district (in the case of district attorneys) or county (in the case of county attorneys) "for which they were elected. . . ." We conclude that that statute does not address itself to the question of prior residency.

Article 16, Sec. 14 of the Texas Constitution requires that all county officers reside within their counties. This is identical to the residence requirement contained in Article 332, although the constitutional provision adds that failure to comply with such residence requirement "shall vacate the office so held." If relator is correct in his interpretation of Article 332, it is difficult to justify giving to the constitutional provision a different interpretation. The result would be that the residence requirements contained in Article 1.05 of the Election Code would be inapplicable to candidates for any county office because of the provision of Article 16, Sec. 14 of the Constitution. While the question before us was not discussed by the Supreme Court in *Jordan v. Crudgington*, 149 Tex. 237, 231 S.W.2d 641 (1950), Chief Justice Hickman said that the provisions of Article 16, Sec. 14 of the Constitution as well as the statutory requirement of six-months' residency in the county would be read into a statute creating a new county office. 231 S.W.2d at 646. It is clear that the Court did not consider that the residency requirements now contained in Article 1.05 of the Election Code conflicted with the constitutional requirement that all county officers reside within their counties.

Since we find no conflict between the residency requirements of Article 1.05 and the provisions of Article 16, Sec. 14 of the Constitution or Article 332, Tex.Rev.Civ. Stat.Ann., the case of *Luna v. Blanton*, 478 S.W.2d 76 (Tex.Sup.1972), relied on by relator, is inapplicable. In *Luna* there was a clear conflict between the provisions of Article 1.05 and the residence requirements, applicable to state senators, contained in Article 3, Sec. 6 of the Texas Constitution.

Our judgment granting the petition for mandamus and the opinion filed therein on March 16, 1976, are both set aside. The petition for mandamus is denied.