**Ramon JAIME, Relator,**

v.

**Antero PATLAN, Jr., Respondent.**

No. 04–86–00177–CV.

Court of Appeals of Texas, San Antonio.

April 10, 1986.

James B. Davis, Davis & Hagerty, Houston, for relator.

Antero Patlan, Jr., Democratic Chairman, Dimmit County, Carrizo Springs, for respondent.

Before CADENA, C.J., and ESQUIVEL, TIJERINA, JJ.

## ON RELATOR'S PETITION FOR WRIT OF MANDAMUS

TIJERINA, Justice.

Relator, Ramon Jaime, seeks this court to issue a writ of mandamus prohibiting the Honorable Mickey R. Pennington, District Judge of the 38th Judicial District in Uvalde County, Antero Patlan, Jr., Dimmit County Democratic Executive Committee Chairman, and Osvaldo P. DeLeon, candidate, from taking any action to cause Mr. DeLeon's name to be printed on the Democratic party general primary ballot for May 3, 1986.

Osvaldo P. DeLeon completed an application for a place on the Democratic party general primary ballot for the office of County Commissioner of Precinct Number 4. TEX.ELEC.CODE ANN. § 141.001(a)(5) (Vernon Supp.1986) requires the candidate to be a resident of the State of Texas for twelve months and a resident of the territory from which he is elected for six months prior to the filing deadline. The application for a place on the ballot must reflect that the residency requirements are met. TEX. ELEC.CODE ANN. § 141.031(4)(J) (Vernon Supp.1986). The form prescribed by the Secretary of State provides a box which elicits the length of residency information from the candidate regarding state, county, and district or precinct. Rather than fill in the length of time he resided in each political subdivision, DeLeon supplied the name of the state, county, and precinct. DeLeon filed his application on the last day of filing. Relator, a candidate in the Democratic primary race for County Commissioner, challenged DeLeon's application and the Democratic county chairman rejected the application. DeLeon sought a permanent injunction in the trial court.

The trial court held a hearing and found that DeLeon has been a resident of Dimmit County for over ten years, that DeLeon timely and properly filed his application,

and that he received no written notice of any defect in the application. The trial court entered a permanent injunction ordering Patlan, the Democratic county chairman, to accept DeLeon's application and place his name on the ballot for the Democratic general primary election to be held May 3, 1986. The order further enjoined Patlan from disqualifying or removing DeLeon's name from the ballot on any grounds that the application is invalid. Relator filed application for a writ of mandamus with this Court.

■ This Court has authority to issue a writ of mandamus against a district court judge under TEX.GOVT.CODE ANN. § 22.221 (Vernon Supp.1986) and to compel the performance of any duty imposed in connection with the holding of an election under TEX.ELEC.CODE ANN. § 273.061 (Vernon Supp.1986). Mandamus will issue when the relator has a clear legal right to extraordinary relief in a situation in which no adequate remedy such as an appeal exists, such as when the order entered below is void and in cases of a clear abuse of discretion by the trial court. *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex.1973); *Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677, 682 (1956).

■ Relator has a remedy by appeal from the granting of a permanent injunction. However, the appeal is not one authorized to be accelerated pursuant to TEX. R.CIV.P. 385(a) and since time is an important factor in this case (the time for printing the ballot is long overdue and the primary election is scheduled for May 3, 1986), we believe relator will have no adequate remedy at law. Therefore, this Court will entertain relator's application for writ of mandamus. *Winfrey v. Chandler*, 159 Tex. 220, 318 S.W.2d 59, 62 (1958).

The Election Code clearly mandates that the candidate's residency status appear in writing on the application to place his name on the ballot. TEX.ELEC.CODE ANN. § 141.031(1) & (4)(J) (Vernon Supp.1986).

As a matter of law DeLeon's application fails to meet the requirements of the Code.

■ The candidate must receive written notice of the rejection and reason for the rejection of his application. TEX. ELEC.CODE ANN. § 141.032(e) (Vernon Supp.1986). DeLeon did not receive such written notice. However, this does not affect the validity or invalidity of his application. *See* TEX.ELEC.CODE ANN. § 141.-032(d) (Vernon Supp.1986). DeLeon did not file his application until the filing deadline. He had no opportunity under the Code to amend or refile his application once the time for filing expired, so that the lack of written notice did not affect his ability to refile.

DeLeon's application is fatally defective as a matter of law and the trial court abused its discretion in entering the permanent injunction. The writ of mandamus is granted.[1]

The Honorable Mickey R. Pennington, Judge of the 38th Judicial District Court in Uvalde County, is ordered to refrain from taking any action to enforce his order that the name of Osvaldo P. DeLeon be placed on the Official Ballot to be used in the Democratic primary to be held on May 3, 1986, as a candidate for the office of County Commissioner Precinct Number 4, of Dimmit County, Texas, and Antero Patlan, Chairman of the Dimmit County Democratic Executive Committee, is ordered not to place the name of Osvaldo P. DeLeon as a candidate for the office of County Commissioner, Precinct Number 4, of Dimmit County, Texas, on such ballot. We are confident that respondents will comply with this order, and the writ of mandamus will not be issued unless respondents refuse to comply.

No motion for rehearing will be considered.

---

1. The writ is granted as to the actions of Judge Pennington and Mr. Patlan, the Democratic county chairman. The writ is denied as far as

Mr. DeLeon is concerned because this court has no authority under the statutes to enter a writ of mandamus against him.