**Drew NIXON, Relator,**

v.

**Bob SLAGLE, Chairman, Democratic Party of Texas & Ronald Kirk, Secretary of State of Texas, Respondents.**

No. 12–94–00240–CV.

Court of Appeals of Texas, Tyler.

Oct. 24, 1994.

Don Kent & Ken Good, Tyler, for relator.

Blake Brodersen, Asst. Atty. Gen., Randall B. Wood, Austin, for respondents.

BILL BASS, Justice.

This original mandamus proceeding arises out of an election dispute. Relator, the Republican Candidate for Senate District 3,[1] complains that Respondent Bob Slagle's ("Slagle") violated a ministerial duty by entering an Administrative Declaration of Ineligibility ("Declaration") disqualifying Senator Bill Haley as a Democratic Candidate for the Texas State Senate in District 3. Following entry of this Declaration, the Democratic Party nominated Curtis Soileau ("Soileau") to replace Senator Haley on the ballot. The Secretary of State thereafter accepted the Democratic Party's certification of Soileau. Relator argues that because the Declaration was improper, Soileau is not entitled to a place on the November ballot.

Relator has invoked this Court's mandamus jurisdiction under Tex.Election Code § 273.061 (Vernon 1986).[2] That provision states:

> The supreme court or a court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer.

This standard is in keeping with the traditional use of the writ of mandamus to compel the performance of a ministerial act or duty. *See Walker v. Packer,* 827 S.W.2d 833, 838–39 (Tex.1992); *Wentworth v. Meyer,* 837 S.W.2d 148 (Tex.App.—San Antonio 1992, orig. proceeding). Mandamus will also lie to correct a "clear abuse of discretion." *Walker* at 839. Traditionally, a clear abuse of discretion is one which occurs whenever the trial court reaches a decision that is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex. 1985). One who attacks a ruling under the basis of abuse of discretion labors under a heavy burden. *Id.* As was done in *Wentworth,* which also involved an election dis-

---

1. This mandamus proceeding was originally filed by both Tom Pauken, Chairman of the Republican Party of Texas and Drew Nixon. This Court, however, declined Pauken's leave to file the petition.

2. All further section numbers references shall be to the current edition of the Texas Election Code unless otherwise specified.

pute, we will apply the same mandamus standards to Respondents as are applied to trial judges in mandamus proceedings *Wentworth,* at 151.

### THE RELIEF SOUGHT

By his petition for writ of mandamus, Relator seeks a writ of mandamus directing Respondents to declare that Haley withdrew from the election, and therefore, the Democratic Party was not entitled to nominate a replacement candidate. Alternatively, he seeks a writ of mandamus ordering Slagle to vacate his Declaration.

In support of his argument that the Declaration was improperly entered, Relator has asserted several arguments. Respondents, in turn, have presented a variety of arguments attacking Relator's petition on both procedural and substantive grounds. Because we hold that the Declaration and certification were properly entered, we will not address Respondents' jurisdiction and mootness arguments.

### WAS HALEY'S NOTIFICATION OF INELIGIBILITY ACTUALLY A WITHDRAWAL?

■ Relator's initial argument asserts that Senator Haley's notification that he would resign from office must be deemed a withdrawal. According to Relator, when an incumbent candidate takes affirmative action to resign from the State Senate to engage in other employment, the candidate must withdraw from the campaign for re-election.

Section 145.001, subsections (a) and (b) sets forth the method for withdrawal of a candidate:

(a) To withdraw from an election, a candidate whose name is to appear on the ballot must request that his name be omitted from the ballot.

(b) To be effective, a withdrawal request must:

(1) be in writing and be signed and acknowledged by the candidate; and

(2) be timely filed with the appropriate authority as provided by this code.

In the instant case, Randall Wood, *Senator Haley's attorney* notified Slagle in a letter dated August 23, 1994, that Haley had abandoned his residence in Center, Shelby County, Texas, and he provided him with the new address of Haley's residence in Austin, Travis County, Texas. Haley's attorney further notified Slagle that Haley had accepted employment as the new President of the Texas Motor Transportation Association, and consequently, Haley was no longer qualified to run for or hold the office of Texas State Senator, District 3. The letter concluded by reminding Slagle that he had a duty to issue an administrative declaration of ineligibility and inform the Secretary of State of that declaration. This letter was accompanied by a copy of Haley's Travis County voter registration application, and a letter of engagement naming Haley as President of the Texas Motor Transportation Association. Wood's letter was neither signed nor acknowledged by Senator Haley. Consequently, it does not meet the withdrawal requirements set forth in Section 145.001.

### WAS SLAGLE'S ADMINISTRATIVE DECLARATION OF INELIGIBILITY IMPROPER?

■ Relator next contends that Slagle improperly declared Haley ineligible because no public records conclusively established his ineligibility. Once again this issue is controlled by statute. Section 145.003 is entitled "Administrative Declaration of Ineligibility", and it provides in pertinent part:

(a) Except for a judicial action in which a candidate's eligibility is in issue, a candidate may be declared ineligible only as provided by this section.

.      .      .      .      .

(f) A candidate may be declared ineligible only if:

(1) the information on the candidate's application for a place on the ballot indicates that the candidate is ineligible for the office; or

(2) *facts indicating that the candidate is ineligible are conclusively established by another public record.*

(g) When presented with an application for a place on the ballot or another public record containing information pertinent to a candidate's eligibility, the

appropriate authority shall promptly review the record. If the authority determines that the record establishes ineligibility as provided by Subsection (f), the authority shall declare the candidate ineligible. (emphasis added).

In the instant case, Slagle's declaration stated the following grounds for declaring Haley ineligible:

I find from the public records that Senator Haley has established residency in Travis County, has accepted employment in Travis County, and he has filed with me a sworn statement stating his intent to be a resident of Travis County. His Declaration of intent along with public records and the Statement of employment clearly disqualify him as a candidate for State Senate in District 3 and preclude his continued service under Article III of the Texas Constitution as he is no longer a resident of said District.

According to Slagle's affidavit, the "undisputed public records" he relied upon in issuing this Declaration were "one application for voter registration *and a copy of its receipt* showing that Bill Haley ... had moved to Travis County, had filed said application, and stated under penalty of perjury that he was a resident of Travis County with a Travis County address." (emphasis added). Although the affidavit stated that copies of the "Voter Registration *and receipt*" were attached to it as Exhibit "A", only the application, not the receipt, was attached to the affidavit filed with this Court.[3]

Under TEX.CONST. art. III, § 6 and Section 141.001, residency in the territory from which the office is elected is an eligibility requirement. Moreover, under Section 145.003, if residency outside the appropriate territory can be conclusively established by public record, then ineligibility can appropriately be determined by Administrative Declaration. § 145.003(f)(2).

Thus, the next question to be determined is whether the fact of Haley's ineligibility via his residence in Travis County was conclusively established by public record as required by § 145.003(f)(2). We conclude that it was.

Respondent Slagle issued his Declaration based on two documents he identified as public records: Haley's application for voter registration signed by Haley under penalty of perjury, and a receipt issued by a deputy registrar stating that Haley had filed his application for voter registration in Travis County on August 23, 1994. Section 552.002 of the TEX.GOV'T CODE (Vernon pamph. 1994) defines "public record" as "the portion of a document, writing, letter, memorandum or other written, printed, typed, copied or developed material that contains public information." Section 552.021(a) of the TEX.GOV'T CODE then defines "public information" as follows:

(a) Information is public information if, under a law or ordinance, or in connection with the transaction of official business, it is collected, assembled or maintained:

(1) by a governmental body; or

(2) for a governmental body and the governmental body owns the information or has a right of access to it.

Revisiting the ELECTION CODE, we note that § 1.012(c) provides that "all election records are public information." In order to register to vote, under § 13.002, a person must submit an application to the registrar of the county in which the person resides. Under Sections 13.101 and 102, registration applications are thereafter kept on file by the county registrar.

From these provisions, we conclude that because the receipt established that Haley's application for voter registration had been submitted to the registrar of Travis County, the application constituted a public record. Moreover, that sworn public record unequivocally set forth the fact that Haley resided in Travis County. In *McClelland v. Sharp*, 430 S.W.2d 518 (Tex.Civ.App.—Houston [14th Dist.] 1968, orig. proceeding) the court noted that where the public records showing the disqualification of the candidate are based

---

**3.** At oral arguments, Slagle's counsel stated that the registrar's receipt evidencing the application's filing was inadvertently omitted. The receipt was thereafter presented to the court and filed with the papers in this cause.

"on representations made and actions taken" by the candidate himself, they are particularly compelling. *Id.*, at 522. Thus, we conclude that the application was a public record that conclusively established the fact of Haley's residence in Travis County.[4] Accordingly, we hold that Slagle properly issued the Administrative Declaration of Ineligibility under Section 145.003(f)(2).

### MUST RESIDENCE BE JUDICIALLY DETERMINED?

■ By his final argument, Relator avers: "If a Candidate Meets the Residency Requirements at the Time he Completes his Application, any Subsequent Dispute Presents a Mixed Question of Law and Fact Which Must be Judicially Decided and Cannot be Determined by the Chairman of the Party." In support of this argument, Relator cites this court's 1968 opinion in *Parker v. Brown*, 425 S.W.2d 379 (Tex.Civ.App.—Tyler, 1968, orig. proceeding).

We think *Parker v. Brown* is inapplicable to the instant case. In *Parker*, the relator sought to have his name certified as a candidate for county commissioner. Although his application complied with all of the formalities, the respondents alleged that "when the relator's application was presented to the Executive Committee, one of the members of the Committee raised a question as to relator's eligibility under the six-month residential requirement as set forth in Article 1.05 of the Texas Election Code." *Id.*, at p. 380. The Chairman of the Executive Committee and another member then called upon the Relator and questioned him with reference to the length of time he had resided in Precinct 3. Despite the Relator's explanations, the Committee determined that Relator was ineligible. *Id.*, at p. 381. Based upon these

facts, the Tyler court held that the Committee had no authority to raise and determine an issue of fact by contradicting the allegations of the application and then deciding the issue so raised.

Unlike the instant case, *Parker* involved a dispute as to length of residency where no public records conclusively establishing the fact presented. The instant case involves neither a factual dispute nor a question concerning length of residency. Relators do not contend that Haley has not made Travis County his permanent residence. Moreover, unlike the circumstances in *Parker*, Haley has conceded his ineligibility and has supported that ineligibility through public records.

Because of these distinctions, we hold that § 145.003(f)(2) and not *Parker v. Brown* governs the instant case. Thus, the Declaration issued by Respondent Slagle was proper.

### CONCLUSION

For the reasons stated above, we deny Relator's petition. Accordingly, the writ will not issue.

RAMEY, Chief Justice, concurring.

I am troubled by the requirement that the public record "conclusively" establish the fact of ineligibility under § 145.003(f)(2). I urge the legislature to provide more guidance. Nevertheless, under the current state of the law, I concur.

---

4. Although Relator challenges the propriety of the declaration's issuance, no allegation has been made that Haley's permanent residence is somewhere other than Travis County.