**In re Marion BARNETT, Relator.**

No. 06–0275.

Supreme Court of Texas.

April 21, 2006.

Susan Lea Hays, Law Office of Susan Hays, Charles G. Orr, Dallas, for Relator.

Eric V. Moye', Richard E. Aubin, Michael Wayne Massiatte, Vial, Hamilton, Koch & Knox, Carol King Arnold, John Blair, Walter Lewis Price, Joe Tave, Carla Ranger, pro se, Dallas, for Real Party In Interest.

PER CURIAM.

In this original mandamus proceeding, Reverend Marion Barnett seeks to require the Dallas Independent School District and Secretary of the Board of Trustees of the Dallas Independent School District, Nancy Bingham, to place his name on the ballot as a candidate for DISD Trustee, District Six. We must decide whether Barnett is ineligible for that office because he omitted his street address from his permanent residence address on his application and instead provided that information in the adjacent space reserved for a separate mailing address. We conclude that Barnett provided sufficient information in his application to allow the respondents to determine that he resides in District Six; therefore, the respondents abused their discretion in rejecting his application. We conditionally grant relief.

The facts are undisputed. On March 7, 2006, the filing deadline, Barnett timely filed an application to become a candidate for an unexpired term for DISD Trustee, District Six, by submitting a one-page "Application for a Place on the Dallas I.S.D. General Election Ballot"—a form promulgated by the Secretary of State. *See* Appendix. In the space for "permanent residence address" Barnett wrote "Dallas, TX 75224." In the adjacent space for "mailing address" he wrote "3912 Morning Frost Tr., Dallas, TX 75224." The space on the application for "mailing address" indicates that it is to be complet-

ed "if different from residence address." Barnett's mailing address and residence address are the same.

Barnett properly completed the remainder of the application in which he provided the following information: (1) his full name; (2) his date of birth; (3) his occupation; (4) his office and home telephone numbers; and (5) his voter registration number. In addition, he stated under oath that he had continuously lived in District Six for thirty-three years.

In a letter dated March 7, 2006, and in a subsequent phone call, DISD rejected Barnett's application. The letter stated as follows:

> Your application is being rejected as to form, content and procedure. Your application does not indicate a permanent address. If you do not have a permanent address then you are required to describe your location of residence.

The following day, Barnett submitted a corrected application in which he certified under oath that he resides at 3912 Morning Frost Trail, Dallas, Texas 75224—the address listed as his mailing address on the original application. This address is located in District Six.

To be an eligible candidate for trustee representing a single-member school board district, a candidate must be a resident of the district the candidate seeks to represent. TEX. EDUC. CODE § 11.052(g). "A candidate's application for a place on the ballot ... must ... include ... the candidate's residence address or, if

the residence has no address, the address at which the candidate receives mail and a concise description of the location of the candidate's residence." TEX. ELEC. CODE § 141.031(4)(I). DISD and Bingham argue that Barnett's application does not satisfy these statutory provisions because the application does not state that he resides at an address within the geographic boundaries of District Six. They contend that because Barnett wrote his residence address in the space reserved for the mailing address, "it was impossible for the D.I.S.D. to establish [Barnett's] residency from this document." We disagree.

We held in *In re Bell* that where individuals who signed an election petition omitted their city and zip code from their address, their residency in the proper voting precinct could be verified by examining the voter registration records maintained by the county tax assessor-collector's office. *In re Bell*, 91 S.W.3d 784, 787–88 (Tex.2002). We determined that the signers' residence addresses in that case could be verified by reference to voter registration records because there was enough other information to allow voting-eligibility verification, even though the signers omitted statutorily required address information. *Id.* at 788. We took into consideration the entire petition when determining whether the residence address information provided by the signers was sufficient. *Id.* at 787. We take the same approach here.

In the space on the application for permanent address, Barnett wrote "DALLAS, TX 75224."[1] The stated zip code includes

---

1. Barnett's address-related responses on the application form were likely influenced by the particulars of the form itself. *See* Appendix. In the space for permanent residence address, the form indicates in bold, capitalized letters that one is to include the city, state, and zip code; but the requirement that one include a street address is not as noticeable. In addition, there is little room to write a street address in the space provided for the permanent residence address. On the other hand, in the adjacent space provided for the mailing address there is sufficient room to write a street address, as well as the city, state, and zip code. Nevertheless, Barnett clearly averred in the application that he resides in District Six.

parts of two single-member districts in DISD: the Fifth District and the Sixth District. Therefore, this information alone is not sufficient to conclusively establish that he resides in District Six. But Barnett also provided his full name, his voter registration number, his date of birth, and his home phone number. In addition, Barnett averred that he has continuously lived in District Six for thirty-three years. Barnett swore under oath before a notary that the statements contained in his application were true and correct.

As in *Bell*, the respondents in this case do not dispute that the application contains Barnett's voter registration number and that the voter registration records indicate that Barnett resides in District Six.[2] They cite authority that voter registration records may not be conclusive evidence of one's residence. *See Culberson v. Palm*, 451 S.W.2d 927, 929 (Tex.Civ.App.—Houston [14th Dist.] 1970, orig. proceeding) (per curiam) (holding that voter registration records were not conclusive evidence of residence address); *accord In re Jackson*, 14 S.W.3d 843, 848 (Tex.App.—Waco 2000, orig. proceeding). But in this case Barnett signed a sworn statement that he resides in District Six and the voter registration records confirm that undisputed fact. Respondents have not identified any public records indicating that Barnett does not reside in District Six.

DISD and Bingham argue, however, that they have no authority to inquire into facts outside the application; therefore, because Barnett omitted the street name and number from his residence address, they cannot confirm that he resides in District Six. They cite *Garcia v. Carpen-*

*ter*, 525 S.W.2d 160, 161 (Tex.1975) (orig. proceeding), and *Canady v. Democratic Executive Committee of Travis County*, 381 S.W.2d 321, 324 (Tex.1964) (orig. proceeding). These cases do not prohibit election authorities from confirming a candidate's residency based upon information in his application and undisputed public records. Rather, they involve disputes over whether candidates are eligible to hold the office they seek and stand for the proposition that election officials do not have the authority to independently determine disputed questions of fact regarding a candidate's eligibility. *See, e.g., Baker v. Porter*, 160 Tex. 488, 333 S.W.2d 594 (1960) (orig. proceeding) (holding that the executive committee of a political party had no authority to raise and determine disputed questions of fact concerning a candidate's residency). This case does not present such a dispute; respondents have not controverted that Barnett resides in District Six.

Further, *Garcia* is authority for disqualifying a candidate for failure to satisfy residency requirements based on public records—including voter registration records. 525 S.W.2d at 161. The *Garcia* decision implies that election officials may determine a candidate's residency by looking to public records that are "conclusive in nature." *Id.* Although voter registration records may not conclusively establish residency, in this case the voter registration records confirm the undisputed fact that Barnett resides in District Six.

Having examined the four corners of the application, we hold that in this case Barnett provided sufficient information in his application to allow respondents to deter-

---

**2.** The Dallas Central Appraisal District property tax records are easily accessible, and these records confirm that Barnett has claimed a homestead exemption for the residence located at 3912 Morning Frost Trail,

Dallas, Texas 75224 for several years. *See* DCAD: Find Property by Owner Name, Dallas Central Appraisal District, http://www.dallascad.org/SearchOwner.aspx.

mine that he resides in District Six. Accordingly, without hearing oral argument, we conditionally grant the petition for writ of mandamus and order respondents to certify Barnett as a candidate in the upcoming election for DISD Trustee, District Six, and to place his name on the ballot. TEX. R. APP. P. 52.8(c). The writ will not issue unless respondents fail to comply with our order.

## APPENDIX