

# NUMBER 13-21-00452-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE REYNALDO GONZALEZ JR.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Hinojosa[1]

On December 17, 2021, relator Reynaldo Gonzalez Jr. filed an emergency petition for writ of mandamus through which he asserted that real party in interest Morgan Graham, County Chair of the Cameron County Republican Party, erred in rejecting Gonzalez's application for a place on the 2022 Republican Primary Ballot. We deny the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

## I. STANDARD OF REVIEW

This Court "may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer." TEX. ELEC. CODE ANN. § 273.061(a); *see In re Petricek*, 629 S.W.3d 913, 917 (Tex. 2021) (orig. proceeding). Mandamus may issue to compel public officials to perform ministerial acts and to correct an abuse of discretion by a public official. *See In re Williams*, 470 S.W.3d 819, 821 (Tex. 2015) (orig. proceeding) (per curiam); *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991). "An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion." *Anderson*, 806 S.W.2d at 793; *see In re Williams*, 470 S.W.3d at 821; *In re Woodfill*, 470 S.W.3d 473, 478 (Tex. 2015) (orig. proceeding) (per curiam).

As it pertains to this case, Graham's duty to determine whether Gonzalez's application for a place on the ballot complies with constitutional and statutory requirements is ministerial in nature. *See In re Walker*, 595 S.W.3d 841, 842–43 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (per curiam).

## II. BACKGROUND

On December 13, 2021, Gonzalez filed an application for a place on the 2022 Republican Primary Ballot for the office of County Chair of the Cameron County Republican Party. Later that same day, but after the filing deadline, Graham rejected Gonzalez's application because it was incomplete. Gonzalez's application included Gonzalez's "length of continuous residence" in Texas but failed to include his "length of

2

continuous residence" in the "precinct from which the office sought is elected."

On December 17, 2021, Gonzalez filed this original proceeding. By one issue, Gonzalez asserts that Graham had a duty to certify Gonzalez's name for the 2022 Republican Primary Ballot because Gonzalez submitted an application that complied with the Texas Election Code. Gonzalez requested emergency consideration of this mandamus prior to January 8, 2022, in order to preserve his rights given the temporal constraints of the election process. We granted Gonzalez's request for emergency relief, agreed that we would consider this matter on expedient terms, and requested that Graham, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus on or before the expiration of the business day on December 30, 2021. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. Graham timely filed her response to the petition for writ of mandamus. She asserts that she had a ministerial duty to reject Gonzalez's application.

On January 4, 2022, Gonzalez filed a reply to Graham's response to the petition for writ of mandamus. Gonzalez further filed a motion for emergency temporary relief through which he requests that we order Graham to immediately conduct a ballot drawing to determine the order of Graham's and Gonzalez's names on the ballot.

### III. APPLICABLE LAW & ANALYSIS

The Texas Election Code contains specific requirements that an application for a place on the ballot must meet. *See* TEX. ELEC. CODE ANN. § 141.031(a); *In re Tex. House Republican Caucus PAC*, 630 S.W.3d 28, 32 (Tex. 2020) (orig. proceeding) (per curiam) ("Section 141.031 contains requirements for '[a] candidate's application for a place on the

3

ballot that is required by this code.'") (citing TEX. ELEC. CODE ANN. § 141.031(a)). "A candidate for public office must comply with all statutory requirements to be entitled to have his or her name included on the ballot." *In re Armendariz*, 245 S.W.3d 92, 94 (Tex. App.—El Paso 2008, orig. proceeding); *see* TEX. ELEC. CODE ANN. § 172.021(b) (stating that an application "must" comply with § 141.031); *Wallace v. Howell*, 707 S.W.2d 876, 877 (Tex. 1986) (orig. proceeding) (stating that "statutory requirements concerning candidacy for political office are mandatory and are to be strictly enforced"); *see also In re Walker*, 595 S.W.3d at 842–43.

The election code provides that a candidate's application for a place on the ballot "must" include "the candidate's length of continuous residence in the state and in the territory from which the office sought is elected as of the date the candidate swears to the application." TEX. ELEC. CODE ANN. § 141.031(a)(4)(J); *see also City of Forest Hill v. Benson*, 555 S.W.3d 284, 290 (Tex. App.—Fort Worth 2018, no pet.) (stating that § 141.031(a) "sets out in detail the form, content, and procedure required for an application"); *Jaime v. Patlan*, 709 S.W.2d 334, 335 (Tex. App.—San Antonio 1986, orig. proceeding) (concluding that an application was "fatally defective" when it failed to include the candidate's residency status).

Under the code, "the authority with whom the application is filed shall review the application to determine whether it complies with the requirements as to form, content, and procedure that it must satisfy for the candidate's name to be placed on the general primary election ballot." TEX. ELEC. CODE ANN. § 172.0222(b). The authority "shall" complete the review "not later than the fifth business day after the date the application is

4

received by the authority," or if the "application is submitted fewer than five business days before the regular filing deadline, the review shall be completed not later than the first Friday after the regular filing deadline." *Id.* § 172.0222(c),(d).

"Section 141.032 requires the authority with whom 'an application for a place on the ballot' is filed to review it and to reject it if it is non-compliant." *In re Tex. House Republican Caucus PAC*, 630 S.W.3d at 32 (citing § 141.032(a), (e)). The election code expressly states that "[i]f an application does not comply with the applicable requirements, the authority shall reject the application and immediately deliver to the candidate written notice of the reason for the rejection." TEX. ELEC. CODE ANN. § 172.0222(g); *see In re Armendariz*, 245 S.W.3d at 94–95. After the filing deadline, the candidate may not amend an application, and the authority may not accept an amendment to the application. *See* TEX. ELEC. CODE ANN. § 172.0222(i); *Risner v. Harris Cnty. Republican Party*, 444 S.W.3d 327, 342 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

Gonzalez asserts that the Texas Supreme Court "abandoned" a strict construction of the election code in cases such as *In re Barnett* and *In re Bell*. *See In re Barnett*, 207 S.W.3d 326, 327–29 (Tex. 2006) (orig. proceeding) (per curiam) (concluding that a candidate's application was sufficient where he omitted his street address from the permanent residence address on the application and instead provided that information in the adjacent space for a separate mailing address); *In re Bell*, 91 S.W.3d 784, 787–88 (Tex. 2002) (orig. proceeding) (concluding that a candidate's application was sufficient although individuals who signed an election petition omitted their city and zip code from their address because their residency in the proper voting precinct could be verified by

5

examining the voter registration records maintained by the county tax assessor-collector's office). However, in each of these cases, the supreme court "took into consideration the entire petition" or "considered the four corners of the application" in determining whether the statutory residence requirement was met. *See In re Barnett*, 207 S.W.3d at 327–28; *In re Bell*, 91 S.W.3d at 787. Here, Gonzalez concedes that he filed an application which did not contain "the length of his continuous residence in the precinct from which the office sought is elected." Gonzalez's application did not contain information or evidence from which the statutorily required information could be derived, thus *Barnett* and *Bell* are inapplicable. *See In re Barnett*, 207 S.W.3d at 327–28; *In re Bell*, 91 S.W.3d at 787. And, the filing deadline passed, so Gonzalez could not amend his application. *See* TEX. ELEC. CODE ANN. § 172.0222(i); *Risner*, 444 S.W.3d at 342.

Gonzalez further asserts that the application form was misleading, the question regarding the length of his continuous residence was inapplicable, and the information sought irrelevant. Gonzalez's assertions stand in stark contrast to the express text of the election code regarding the requisites and sufficiency of an application for a place on the ballot. *See* TEX. ELEC. CODE ANN. § 141.031(a); *id.* § 172.021(b); *id.* § 172.0222(b).

Under the specific circumstances presented here, Gonzalez's application failed to comply with the express requirements of the election code. Thus, Graham had a ministerial duty to reject Gonzalez's application. *See In re Tex. House Republican Caucus PAC*, 630 S.W.3d at 32; *In re Armendariz*, 245 S.W.3d at 94–95. We overrule the sole issue presented in this original proceeding.

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus Graham's response, Gonzalez's reply, and the applicable law, is of the opinion that Gonzalez has not met his burden to obtain relief. Accordingly, we deny Gonzalez's petition for writ of mandamus and his motion for emergency temporary relief.

LETICIA HINOJOSA
Justice

Delivered and filed on the
4th day of January, 2022.