Jim CULBERSON, Relator,

v.

Mrs. Nancy PALM et al., Respondents.

No. 379.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

March 27, 1970.

William B. Cassin, Baker, Botts, Shepherd & Coates, Houston, for appellant.

Joe S. Powell, Houston, for appellee.

PER CURIAM.

The relator, Jim Culberson, has filed, as an original proceeding, a petition asking that this Court issue a writ of mandamus directing the respondents, Mrs. Nancy Palm, chairman of the Executive Committee of the Harris County Republican Party, and other members of that committee and of the Primary Committee of that committee, to place relator's name on the Republican Party ballot for the 1970 general primary election as a candidate for Precinct Chairman in Precinct 222 of Harris County, Texas.

The statutory deadline for filing for the office here in question was 6:00 p. m. February 2, 1970. Art. 13.12, Sec. 2, Texas Election Code. Shortly before that hour relator filed his application. It is in proper form. When the list of candidates was filed with the County Clerk of Harris County the name of the relator was not included as a candidate for the office for which, in proper form and time, he had filed.

Before February 2, relator resided at 2819 Plumb, in precinct 15 in Harris County and maintained his office, as a graphic designer, at 2338 Bissonnet in precinct 222.

On December 2, 1969, relator sold his home at 2819 Plumb, but made an agreement with the buyer that permitted him and his family to continue to occupy the house. During the last week of January, 1970, relator and his family began moving small items of household goods from 2819 Plumb to 2338 Bissonnet. On February 3 the moving was completed by professional movers. The record does not show when relator and his family began sleeping and eating at the Bissonnet address.

On February 2, 1970, relator's voter registration was in precinct 15. On February 20, pursuant to relator's request, the Office of the County Clerk of Harris County issued a certificate of transfer of relator's voting registration to the voting rolls of precinct 222.

To be eligible for the office of precinct chairman one must be a resident of such precinct. Art. 13.18, Subd. 2, Texas Election Code. He must be a qualified voter. Art. 3.04, subd. 3, Texas Election Code. To be a qualified voter he must have resided in the state one year, in the county or district for six months and must have registered as a voter. Art. 5.02, Texas Election Code. No ineligible candidate shall have his name placed on a ballot, Art. 1.05, Texas Election Code.

It is the position of the respondents that relator was not qualified for the office for which he filed because he was not a resident of precinct 222 at the date of his application and that he, therefore, should not be listed on the ballot as a candidate for that office. They contend that a public record—the voting rolls—show that he was a resident of precinct 15 on February 2. As authority for their position they rely principally upon McClelland v. Sharp, 430 S.W.2d 518, an opinion of this Court.

The McClelland case was a mandamus proceeding wherein a candidate for State Representative whose name was on the primary ballot and who had got a majority of the votes in the primary election sought an order directing the certification of his nomination. This Court held that matters of public record conclusively established that the relator there did not meet the residence requirement for qualification for the office he sought so that the party officials were not, under Art. 1.06 of the Texas Election Code, required to certify his nomination. To be qualified for the office sought it was required that the candidate be a resident of the district for the year next preceding his election. The public records showed that during the year next preceding the election for the office for which he sought certification as a candidate the relator not only was registered as a voter in another district but also was a candidate in an election held in the other district and voted three times in elections therein.

In the McClelland case the Court said: "From these authorities it is apparent that those charged with the duty of certifying the names to appear on the ballot are not authorized to make findings as to qualifications of proposed candidates when those findings are based on controverted facts not of record. Neither is this court in an original proceeding involving the exercise of such authority entitled to make any findings of fact. Donald v. Carr, Tex.Civ.App., 407 S.W. 2d 288. However, authority is implied in the language of Art. 1.06 of the Texas Election Code that some nature of determination be made as to such qualification citation. We are of the opinion that where, as here, the facts reflected by public records establish a disqualification of the proposed candidate, the respondents were neither required to ignore those facts nor permitted to go outside the record inquiring of other facts in exercising their implied authority. Particularly is this true where the public records showing the disqualification of the relator are based on his own actual or implied representations as to his residence at the time in question. * * *"

The law and the facts upon which the holding in McClelland is based are distinguishable from the facts of this case. Here there is no statutory requirement that

the relator be a resident of precinct 222 for the year next preceding his election as chairman of that precinct. The only specific statutory residence requirements are to the effect that he must be "a resident of the precinct which he represents," and that he must meet the residence requirements of a qualified voter. Relator argues that, since he now meets those specific statutory requirements, his name should be placed on the ballot even if it were conclusively shown that he was a resident of another precinct at the time he filed his application. The respondents argue that, since relator cannot represent precinct 222 as chairman unless he is a resident thereof, his not being such a resident at the date of his filing would show his disqualification for the office and, under Art. 1.05, Texas Election Code, justify their refusal to put his name on the ballot as a candidate. We do not consider it necessary to resolve that conflict in order to rule on relator's petition. We will assume, without so holding, that to be entitled to have one's name on a party primary ballot as a candidate for precinct chairman the applicant must be, at the time of filing his application, a resident of the precinct in which he seeks election. Despite such assumption we hold that these respondents are required to place relator's name on the Republican Party primary ballot as a candidate for precinct chairman of precinct 222.

The determination of the question of residence required as a qualification for public office is sometimes difficult. The person's volition, intention and action are elements to be considered in making such determination. Mills v. Bartlett, (Tex.Sup.Ct.), 377 S.W.2d 636. In this case the facts established as to relator's volition, intention and actions may raise a fact question as to whether he was, on February 2, 1970, a resident of precinct 222. Much more significant, there is nothing that conclusively establishes that relator was *not* a resident of such precinct on such date. The fact that he had earlier registered as a voter in precinct 15 does not establish that he was not a resident of precinct 222 on February 2. The statutes contemplate that a person may move his residence from one place to another in the state after registering and may preserve his qualification to vote in the place to which he moves. Art. 5.15, Texas Election Code. Certainly there is no statutory requirement, either specific or implied, that one must have resided in a precinct for a stated period of time in the past in order to be qualified to file as a candidate for or hold the office of precinct chairman. In the McClelland case there were public records showing that, during the period of time in the past when the law required, as a qualification for his holding the office relator sought, that he must have been a resident of the district in which he sought such election, he was actually a resident of another district. The required past period of residence was shown not to have existed. There is nothing here showing that relator, at a time when he was required to be a resident of precinct 222, was in fact a resident of another precinct. The most that respondents can show are evidentiary facts de hors the record from which it may be said that there is a question of fact as to whether relator was a resident of precinct 222 on February 2, 1970. Neither the party officials nor this Court is authorized to make a finding on that question of fact, if any, which would deny the relator the right to have his name on the ballot. Ferris v. Carlson, 158 Tex. 546, 314 S.W.2d 577; Weatherly v. Fulgham, 153 Tex. 481, 271 S.W.2d 938; McClelland v. Sharp, supra.

The petition for writ of mandamus is granted. A writ of mandamus will issue ordering and commanding respondents to cause relator's name to be placed on the Republican Party ballot for the 1970 general primary election as a candidate for the office of Republican Party Precinct Chairman in precinct 222 in Harris County, Texas.

No motion for rehearing will be accepted.