

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-10-00263-CV

## IN RE LOUIS F. BOUSE

_____

## Original Proceeding

---

## O P I N I O N

---

Relators Louis F. Bouse, Teri L. Gerst, Beth J. Becker, Marcy Halterman, and Brian K. Alg seek a writ of mandamus compelling Respondents, the City Secretary for the City of College Station and the City Council of College Station, to certify an initiative petition and either approve the proposed ordinance or submit the ordinance to the electorate. We deny the relief requested.

### MANDAMUS REQUIREMENTS

"[A] court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer." TEX. ELEC. CODE ANN. § 273.061 (Vernon 2010); *see In re Jackson*, 14

S.W.3d 843, 846 (Tex. App.—Waco 2000, orig. proceeding).  Because the question before us involves an election matter, mandamus is the appropriate remedy.  *See In re Bailey*, 975 S.W.2d 430, 432 (Tex. App.—Waco 1998, orig. proceeding).

## FACTUAL BACKGROUND

Wellborn is an unincorporated area that lies within the extraterritorial jurisdiction of College Station.  The residents of Wellborn requested the College Station City Council's consent to incorporate.  The record does not indicate that consent was received.  Relators submitted an initiative petition and a proposed ordinance "granting consent to the citizens of Wellborn, Texas, for an election on the proposition of the incorporation of the Wellborn area as a municipality under the laws of Texas…"

Connie Hooks, the City Secretary, determined that the petition was insufficient.  In a memorandum, the City Attorney explained that: (1) each petition paper was not accompanied by the affidavit of the circulator and did not contain the full text of the proposed ordinance; (2) no plat was attached to the ordinance; (3) if a plat was shown to the voters and was the same plat that had previously been submitted to the City Council, the area fails to "meet the legal requirements for incorporation;" and (4) to incorporate, Wellborn must follow the procedures outlined in section 42.041 of the Local Government Code, which do not include an initiative petition.

Relators submitted an amended petition.  Hooks again concluded that the petition was insufficient: (1) it is "[n]ot clear in all sworn affidavits that a complete initiative ordinance was presented to voters;" (2) "[i]f an incomplete ordinance was presented to the voters it is vague, ambiguous and invalid;" and (3) the concerns of the

City Attorney were not resolved. Hooks opined that no action was required by the City Council.

## ANALYSIS

"'[T]he power of initiative and referendum…is the exercise by the people of a power reserved to them, and not the exercise of a right granted,' and [] 'in order to protect the people of the city in the exercise of this reserved legislative power, such charter provisions should be liberally construed in favor of the power reserved.'" *Glass v. Smith*, 244 S.W.2d 645, 648-49 (Tex. 1951) (quoting *Taxpayers Ass'n. of Harris County v. City of Houston*, 129 Tex. 627, 105 S.W. 2d 655, 657 (1937)).

The College Station City Charter allows for the filing of an initiative petition, except with regard to "zoning or rezoning property, appropriating money, authorizing the issuance of bonds, or authorizing the levy of taxes." COLLEGE STATION, TEX., CITY CHARTER art. X, § 83. The City Secretary must "determine whether each paper of the petition has a proper statement of the circulator and…is signed by a sufficient number of qualified electors." *Id.* § 86. If the petition is insufficient, an amended petition may be filed. *Id.* § 87. If an amended petition is insufficient, the secretary "shall file his certificate to that effect." *Id.* No further action is required if the amended petition is insufficient. *Id.* Once a petition is certified, the council must consider the petition. *Id.* § 89. If the proposed ordinance is not passed by the council, it must be submitted to the electorate at either a regular or special election. *Id.* § 90.

Bouse contends that the amended petition cured the alleged defects, requiring Hooks to certify the petition and requiring the City Council to either approve the

ordinance or submit the ordinance to the electorate. The City responds that incorporation is not a proper subject for an initiative petition. In an amicus brief, the Texas Municipal League and Texas City Attorneys Association support the City's position. According to Relators, the issue is whether the City failed to execute a ministerial duty by improperly rejecting the petition and refusing to process the initiative ordinance, not whether the initiative process is appropriate.

A governing body cannot defeat the right to an initiative election by refusing to "perform purely ministerial duties on the ground that in [its] opinion the ordinance would be invalid if adopted." *Glass*, 244 S.W.2d at 648. However, mandamus may issue only where the "subject matter of the proposed ordinance [is] legislative in character" and has not been "withdrawn from the field in which the initiatory process is operative." *Id.* The subject matter of the proposed ordinance may be "withdrawn, expressly or by necessary implication, by either the general laws or the city charter." *Id.* at 650. "Any rights conferred by or claimed under the provisions of a city charter, including the right to an initiative election, are subordinate to the provisions of the general law." *Id.* at 649.

In this case, the City argues that section 42.041 of the Local Government Code has withdrawn the subject matter of the proposed ordinance, incorporation, from the field in which the initiatory process is operative.

Under section 42.041(a), "[a] municipality may not be incorporated in the extraterritorial jurisdiction of an existing municipality unless the governing body of the existing municipality gives its written consent by ordinance or resolution." TEX. LOCAL

GOV'T CODE ANN. § 42.041(a) (Vernon 2008). If consent is refused, "a majority of the qualified voters of the area of the proposed municipality and the owners of at least 50 percent of the land in the proposed municipality may petition the governing body to annex the area." *Id*. at § 42.041(b). The governing body's failure to act within six months constitutes consent to incorporation. *See id*. Consent is merely "authorization to initiate incorporation proceedings." *Id*. at § 42.041(c).

Relators argue that section 42.041(a) "only require[s] that consent come from the governing body through an ordinance or resolution" and does not limit the "method for providing that ordinance or resolution…to the sole discretion of the governing body without input from its resident voters." He maintains that, because the City refused to acknowledge requests for consent to incorporate, Wellborn residents petitioned the City for consent. In an *amicus curiae* brief supporting Relators' position, the Law Offices of Rusty Adams, PLLC argues that the City charter provides the initiative process as a means for Wellborn to incorporate pursuant to section 42.041.

The First and Fourteenth Courts have addressed this issue in the context of annexation and disannexation. In *Hitchcock v. Longmire*, 572 S.W.2d 122 (Tex. Civ. App.—Houston [1st Dist.] 1978, writ ref'd n.r.e), the trial court issued a writ of mandamus directing the City of Hitchcock to repeal an annexation ordinance or call, conduct, and canvass a referendum election. *Hitchcock*, 572 S.W.2d at 124. The First Court held, "'[T]he governing body of the city does not have the right to repeal an annexation ordinance or to adopt a disannexation ordinance without following the

specific procedural requirements established in Art. 970a [the Municipal Annexation Act]; a popular referendum would be subject to the same limitation."[1]  *Id.* at 127.

In *Vara v. Houston*, 583 S.W.2d 935 (Tex. Civ. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.), Houston residents filed a petition to initiate a city ordinance to disannex the Clear Lake City area.  *See Vara*, 583 S.W.2d at 936.  Although procedural requirements had been met, the City refused to either pass the ordinance or submit the proposed ordinance to the electorate.  *Id*. at 937.  The Fourteenth Court explained that the Municipal Annexation Act provides procedural requirements for disannexation.  *Id*. at 938.  Thus, the subject matter of the ordinance, disannexation, had been withdrawn from the "field in which the initiatory process is operative."  *Id*.

Relators contend that the initiative ordinance does not involve annexation, but merely seeks the City's consent for an incorporation election or presentation of the consent issue to the electorate.  However, like annexation and disannexation, incorporation involves boundary issues that Chapter 42 has withdrawn from the field in which the initiatory process is operative.  *See Hitchcock*, 572 S.W.2d at 127; *see also Vara*, 583 S.W.2d at 938.  Relators are required to follow Chapter 42's procedures for incorporation of Wellborn.  Thus, even assuming that Relators met all procedural

---

[1]      The Legislature repealed Article 970a and codified the statute in Chapter 42 of the Local Government Code.  *See* Act of May 1, 1987, 70th Leg., R.S., ch. 149, §§ 1, 49(1), 1987 Tex. Gen. Laws 707, 741, 1306 (current version at TEX. LOCAL GOV'T CODE ANN. §§ 42.001 et. seq. (Vernon 2008)).  Like section 42.021, Article 970a provided that incorporation required the "written consent of the governing body." *See* Act of April 29, 1963, 58th Leg., R.S., ch. 160, 1963 Tex. Gen. Laws 447, 450-51, *repealed by* Act of May 1, 1987, 70th Leg., R.S., ch. 149, §§ 1, 49(1), 1987 Tex. Gen. Laws 707, 741, 1306 (current version at TEX. LOCAL GOV'T CODE ANN. § 42.001 et. seq. (Vernon 2008)).  If consent were not granted, "a majority of the resident voters, if any, in the territory of such proposed city and the owners of fifty percent (50%) or more of the land in such proposed city" could petition the governing body and request annexation.  *Id*.  The governing body's failure to act within six months resulted in "authorization for the incorporation."  *Id*. Written consent or authorization only meant "authorization to initiate incorporation proceedings."  *Id*.

requirements for the initiative process, an initiative petition is not a procedure for incorporation outlined in section 42.041. *See* TEX. LOCAL GOV'T CODE ANN. § 42.041.

Accordingly, we conclude that Respondents did not fail to perform a purely ministerial duty by refusing to certify the initiative petition and approve the proposed ordinance or submit the ordinance to the electorate. Because Relators have not established their right to mandamus relief, we deny their petition.

FELIPE REYNA
Justice

Before Chief Justice Gray
      Justice Reyna, and
      Justice Davis
      (Chief Justice Gray dissenting)
Writ denied
Opinion delivered and filed August 17, 2010
[OT06]