IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-10-00263-CV

 

In
re Louis F. Bouse

 

 



Original Proceeding

 

 



O p i n i o n



 








            Relators Louis F. Bouse,
Teri L. Gerst, Beth J. Becker, Marcy Halterman, and Brian K. Alg seek a writ of
mandamus compelling Respondents, the City Secretary for the City of College
Station and the City Council of College Station, to certify an initiative
petition and either approve the proposed ordinance or submit the ordinance to
the electorate.  We deny the relief requested.

MANDAMUS REQUIREMENTS

            “[A] court of appeals may issue a writ
of mandamus to compel the performance of any duty imposed by law in connection
with the holding of an election or a political party convention, regardless of
whether the person responsible for performing the duty is a public officer.”  Tex. Elec. Code
Ann. § 273.061 (Vernon
2010); see In re Jackson, 14 S.W.3d 843, 846 (Tex. App.—Waco 2000, orig.
proceeding).  Because the question before us involves an election matter,
mandamus is the appropriate remedy.  See In re Bailey, 975 S.W.2d
430, 432 (Tex. App.—Waco 1998, orig. proceeding).

FACTUAL BACKGROUND

            Wellborn is an
unincorporated area that lies within the extraterritorial jurisdiction of
College Station.  The residents of Wellborn requested the College Station City
Council’s consent to incorporate.  The record does not indicate that consent
was received.  Relators submitted an initiative petition and a proposed
ordinance “granting consent to the citizens of Wellborn, Texas, for an election
on the proposition of the incorporation of the Wellborn area as a municipality
under the laws of Texas…”  

Connie Hooks, the City Secretary,
determined that the petition was insufficient.  In a memorandum, the City Attorney
explained that: (1) each petition paper was not accompanied by the affidavit of
the circulator and did not contain the full text of the proposed ordinance; (2)
no plat was attached to the ordinance; (3) if a plat was shown to the voters
and was the same plat that had previously been submitted to the City Council,
the area fails to “meet the legal requirements for incorporation;” and (4) to
incorporate, Wellborn must follow the procedures outlined in section 42.041 of
the Local Government Code, which do not include an initiative petition.

            Relators submitted an
amended petition.  Hooks again concluded that the petition was insufficient:
(1) it is “[n]ot clear in all sworn affidavits that a complete initiative
ordinance was presented to voters;” (2) “[i]f an incomplete ordinance was
presented to the voters it is vague, ambiguous and invalid;” and (3) the
concerns of the City Attorney were not resolved.  Hooks opined that no action
was required by the City Council.

ANALYSIS

            “‘[T]he power of initiative and
referendum…is the exercise by the  people of a power reserved to them, and
not the exercise of a right granted,’ and [] ‘in order to protect the people of
the city in the exercise of this reserved legislative power, such charter
provisions should be liberally construed in favor of the power reserved.’”  Glass v. Smith, 244 S.W.2d 645,
648-49 (Tex. 1951) (quoting Taxpayers
Ass’n. of Harris County v. City of Houston, 129 Tex. 627, 105
S.W. 2d 655,
657 (1937)).

The College Station City Charter allows
for the filing of an initiative petition, except with regard to “zoning or
rezoning property, appropriating money, authorizing the issuance of bonds, or
authorizing the levy of taxes.”  College
Station, Tex., City Charter art. X, § 83.  The City Secretary must
“determine whether each paper of the petition has a proper statement of the
circulator and…is signed by a sufficient number of qualified electors.”  Id. § 86.  If the petition is insufficient, an amended
petition may be filed.  Id. § 87.  If an amended petition is
insufficient, the secretary “shall file his certificate to that effect.”  Id.  No further action is required if the amended petition is
insufficient.  Id.  Once a petition is certified, the
council must consider the petition.  Id. § 89.  If the proposed ordinance is not
passed by the council, it must be submitted to the electorate at either a
regular or special election.  Id. § 90.

            Bouse
contends that the amended petition cured the alleged defects, requiring Hooks
to certify the petition and requiring the City Council to either approve the
ordinance or submit the ordinance to the electorate.  The City responds that
incorporation is not a proper subject for an initiative petition.  In an amicus
brief, the Texas Municipal League and Texas City Attorneys Association support
the City’s position.  According to Relators, the issue is whether the City
failed to execute a ministerial duty by improperly rejecting the petition and
refusing to process the initiative ordinance, not whether the initiative
process is appropriate.

A governing body cannot defeat the right
to an initiative election by refusing to “perform purely ministerial duties on
the ground that in [its] opinion the ordinance would be invalid if adopted.”  Glass, 244 S.W.2d
at 648.  However, mandamus may issue only where the “subject matter of the
proposed ordinance [is] legislative in character” and has not been “withdrawn
from the field in which the initiatory process is operative.”  Id.  The
subject matter of the proposed ordinance may be “withdrawn, expressly or by
necessary implication, by either the general laws or the city charter.”  Id. at 650.  “Any rights conferred by or claimed
under the provisions of a city charter, including the right to an initiative
election, are subordinate to the provisions of the general law.”  Id. at
649.

In this case, the City argues that
section 42.041 of the Local Government Code has withdrawn the subject matter of the proposed
ordinance, incorporation, from the field in which the initiatory process is
operative.

Under section 42.041(a), “[a] municipality may not be incorporated in the
extraterritorial jurisdiction of an existing municipality unless the governing
body of the existing municipality gives its written consent by ordinance or
resolution.”  Tex. Local Gov’t Code Ann. § 42.041(a)
(Vernon 2008).  If consent is refused, “a
majority of the qualified voters of the area of the proposed municipality and
the owners of at least 50 percent of the land in the proposed municipality may
petition the governing body to annex the area.”  Id. at § 42.041(b).  The governing body’s failure to act
within six months constitutes consent to incorporation.  See id. 
Consent is merely “authorization to initiate incorporation proceedings.”  Id.
at § 42.041(c).

Relators argue that section 42.041(a) “only
require[s] that consent come from the governing body through an ordinance or
resolution” and does not limit the “method for providing that ordinance or
resolution…to the sole discretion of the governing body without input from its
resident voters.”  He maintains that, because the City refused to acknowledge
requests for consent to incorporate, Wellborn residents petitioned the City for
consent.  In an amicus
curiae brief supporting Relators’ position, the Law Offices of Rusty Adams,
PLLC argues that the City charter provides the initiative process as a means
for Wellborn to incorporate pursuant to section 42.041.

The First and Fourteenth Courts have
addressed this issue in the context of annexation and disannexation.  In Hitchcock
v. Longmire, 572 S.W.2d 122 (Tex. Civ. App.—Houston [1st Dist.] 1978, writ
ref’d n.r.e), the trial
court issued a writ of mandamus directing the City of Hitchcock to repeal an
annexation ordinance or call, conduct, and canvass a referendum election.  Hitchcock, 572 S.W.2d at 124.  The First Court
held, “‘[T]he
governing body of the city does not have the right to repeal an annexation
ordinance or to adopt a disannexation ordinance without following the specific
procedural requirements established in Art. 970a [the Municipal Annexation Act];
a popular referendum would be subject to the same limitation.”[1]  Id.
at 127.

In
Vara v. Houston, 583 S.W.2d 935 (Tex. Civ. App.—Houston [14th
Dist.] 1979, writ ref’d n.r.e.), Houston
residents filed a petition to initiate a city ordinance to disannex the Clear
Lake City area.  See Vara, 583 S.W.2d at 936.  Although
procedural requirements had been met, the City refused to either pass the
ordinance or submit the proposed ordinance to the electorate.  Id. at 937.  The Fourteenth
Court explained that the Municipal Annexation Act provides procedural
requirements for disannexation.  Id. at 938.  Thus, the subject matter
of the ordinance, disannexation, had been withdrawn from the “field in which
the initiatory process is operative.”  Id. 

Relators contend that the initiative
ordinance does not involve annexation, but merely seeks the City’s consent for
an incorporation election or presentation of the consent issue to the
electorate.  However, like annexation and disannexation, incorporation involves
boundary issues that Chapter 42 has withdrawn from the field in which the
initiatory process is operative.  See Hitchcock,
572 S.W.2d at 127; see also Vara, 583 S.W.2d at 938.  Relators are required to follow Chapter
42’s procedures for incorporation of Wellborn.  Thus, even assuming that Relators
met all procedural requirements for the initiative process, an initiative
petition is not a procedure for incorporation outlined in section 42.041.  See
Tex.
Local Gov’t Code Ann. §
42.041.

Accordingly, we conclude that
Respondents did not fail to perform a purely ministerial duty by refusing to
certify the initiative petition and approve the proposed ordinance or submit
the ordinance to the electorate.  Because
Relators have not established their right to mandamus relief, we deny their
petition.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray

Justice
Reyna, and

Justice
Davis 

(Chief
Justice Gray dissenting)

Writ denied 

Opinion
delivered and filed August 17, 2010

[OT06]

 

            









[1]               The Legislature repealed Article 970a
and codified the statute in Chapter 42 of the Local Government Code.  See
Act of May 1, 1987, 70th
Leg., R.S., ch. 149, §§ 1, 49(1), 1987 Tex. Gen. Laws 707, 741, 1306 (current version at Tex. Local Gov’t Code Ann. §§ 42.001
et. seq. (Vernon 2008)).  Like section 42.021, Article 970a provided that incorporation required the
“written consent of the governing body.”  See
Act of April 29, 1963, 58th
Leg., R.S., ch. 160, 1963 Tex. Gen. Laws 447, 450-51, repealed by Act of
May 1, 1987, 70th Leg., R.S., ch. 149, §§ 1, 49(1), 1987 Tex. Gen. Laws 707,
741, 1306 (current version
at Tex. Local Gov’t Code Ann. §
42.001 et. seq. (Vernon 2008)). 
If consent were not granted, “a majority of the resident voters, if any, in the
territory of such proposed city and the owners of fifty percent (50%) or more
of the land in such proposed city” could petition the governing body and
request annexation.  Id.  The governing body’s failure to act within six
months resulted in “authorization for the incorporation.”  Id.  Written
consent or authorization only meant “authorization to initiate incorporation
proceedings.”  Id.